The SOUTHLAND CORPORATION

v.

Isidore SHULMAN.

Civ. A. No. 70–931.

United States District Court,
D. Maryland.

July 1, 1971.

M. Peter Moser and Lawrence F. Rodowsky, Baltimore, Md., for plaintiff and counter-claim defendant.

S. Herbert Harris, Baltimore, Md., and Joel Savits, Bethesda, Md., for defendant and counter-claimant.

NORTHROP, Chief Judge.

This case was tried on its merits before this court on May 5, 1971. The parties are in agreement as to the facts, but are in disagreement as to the applicable law. The facts, as set forth in the plaintiff's and defendant's "Agreed Statement of Facts" and as stated at trial, are as follows: By an agreement dated December 29, 1961, Edward M. and Evelyn F. Perkins, husband and wife, leased to the Andrews Motel Real Estate Company, a Maryland corporation, the following described property:

Parcel lettered "K" in the subdivision known as "Plat No. 3, Andrews Manor, Section 2" as per Plat thereof recorded among the plat records of Prince George's County, Maryland in Plat Book WWW 35 at folio 3, containing 8.5510 acres, more or less.

This lease agreement was for a term of twenty (20) years, to end on December 31, 1982. This lease was duly recorded on June 21, 1962, in Liber 2695, folio 166 of the plat records of Prince George's County, Maryland. By an un-dated agreement effective January 1, 1964, twenty-seven separate individuals and fiduciaries of whom the defendant was a party formed a joint venture known as Andrews Motel Joint Venture, hereinafter referred to as "Joint Venture." The principal asset of the Joint Venture was to be Parcel "K." By a lease dated January 6, 1965, and recorded on July 29, 1966, in Liber 3364, folio 29 of the land records of Prince George's County, the Joint Venture subleased a portion of the original leased property to the plaintiff. This property that was the subject of the sub-lease will be known hereafter as the "store premises." At the time of the lease of the store premises, the defendant, Isidore Shulman, was a general partner with a 2½% interest in the Joint Venture. By the terms of the sub-lease, under Article 4 thereof, the lessor partnership agreed to construct on the store premises in accordance with certain plans and specifications a 7-Eleven Store and to sub-lease the premises to the plaintiff for a term of 25 years at a rental fee of $550 per month or 1½% of annual sales, whichever was greater. By Article 7, paragraphs (1) and (2) of the sub-lease agreement, the defendant together with his co-partners, covenanted and agreed with the plaintiff as follows:

"(1) That Landlord has good and marketable title to the demised premises in fee simple absolute and that the same is subject to no leases, tenancies, agreements, encumbrances, liens or defects in title affecting the demised premises or the rights granted Tenant in this lease;

\* \* \* \* \* \*

"(2) That the Tenant upon paying the rent and performing the covenants and agreements of this lease shall quietly have, hold and enjoy the demised premises and all rights granted Tenant in this lease during the term hereof."

This sub-lease agreement by contract dated July 28, 1966, and recorded on July 29, 1966, in Liber 3384, folio 36 of

the land records of Prince George's County was assigned by Andrews Motel Joint Venture to the Andrews Motel Real Estate Company. By a letter dated July 28, 1966, and recorded in Liber 3384, folio 39 of the land records of Prince George's County, Andrews Motel Real Estate Company exercised an option provision in its original lease agreement with Edward M. and Evelyn Perkins to extend the initial 20-year term of said lease for an additional term of twenty-one (21) years, to terminate December 31, 2004.

The construction of the 7-Eleven Store for plaintiff was let by Andrews Motel Real Estate Company, as owner, under a general contract to Don-bar Construction Corporation as general contractor. The construction of the 7-Eleven Store was included as part of a general construction contract which primarily involved the construction of a 50-unit addition to the Inter-State Inn Motel, also located on Parcel K. Don-bar Construction Corporation by a contract dated July 14, 1965, subcontracted the mechanical work under the general contract to Rural Plumbing & Heating, Inc. of Raleigh, North Carolina. The 7-Eleven Store was subsequently constructed and accepted by the plaintiff by a letter dated July 7, 1966. It was agreed in the acceptance letter that the 25-year sublease between the plaintiff and Andrews Motel Joint Venture had commenced on July 1, 1966.

On February 13, 1967, Rural Plumbing & Heating, Inc. filed a Bill of Complaint in the Circuit Court for Prince George's County, to foreclose its mechanic's lien claim against Parcel K, including the store premises. The mechanic's lien claim was in the amount of $44,043.26. The Bill of Complaint joined as parties defendant, Andrews Motel Real Estate Company, Andrews Motel Joint Venture, Edward M. Perkins and Evelyn F. Perkins, and The Southland Corporation. On April 3, 1967, Rural Plumbing & Heating dismissed the Bill of Complaint as to the defendants Edward M. and Evelyn F. Perkins.

Southland was subsequently served with a copy of the Bill of Complaint and filed its answer thereto on March 31, 1967. Trial of the mechanic's lien was conducted before the Circuit Court for Prince George's County on April 15, 1968, where an oral judgment in the amount of $44,018.26 was entered. A provision was made in the order for the appointment of a Trustee to sell the property if the judgment amount was not paid on or before the 15th day of May, 1968. Southland Corporation did not appeal this order of the Circuit Court.

By a letter dated April 17, 1968, counsel for plaintiff, Mr. Rodowsky, advised the attorneys then representing the members of the Joint Venture that if the Southland operation at the store premises was disrupted as a result of the mechanic's lien foreclosure, Southland would hold the members of the Joint Venture personally liable on the covenants of title and quiet enjoyment that were provided for in the sub-lease agreement.

By an Order of the Circuit Court for Prince George's County dated June 14, 1968, a Trustee was appointed to sell all of the right, title and interest of Andrews Motel Real Estate Company and the Southland Corporation in Parcel K. On the 26th day of February, 1969, the Trustee, at public sale, sold all right, title and interest of Andrews Motel Real Estate Company and of the Southland Corporation in Parcel K to the defendant for $77,000. This sale was ratified by the Circuit Court on April 10, 1969. The sale was made subject to all covenants, agreements, restrictions, limitations and easements of record. By a deed dated May 9, 1969, Joe M. Kyle, Trustee, conveyed by Trustee's Deed the interest of Andrews Motel Real Estate Company and Southland Corporation in and to Parcel K to the defendant. The deed was recorded among the land records of Prince George's County on May 20, 1969, in Liber 3719, folio 278.

The defendant by a letter dated June 26, 1970, notified plaintiff of his intent

to repossess the store premises and have plaintiff vacate by midnight, July 31, 1970. He asserted that plaintiff currently occupied the premises only as a tenant from month to month and not by a fixed term lease. By a letter dated August 4, 1970, defendant advised plaintiff that it was unlawfully on the premises and that an action for ejectment would be commenced. Plaintiff thereby brought this suit in this court based on 28 U.S.C. § 1332 seeking (1) a preliminary injunction, under Federal Rule 65, to restrain defendant from instituting or prosecuting any ejectment proceedings against the plaintiff pending the outcome of final litigation; (2) a permanent injunction restraining the defendant, his privies and assigns, for the duration of the sub-lease agreement from interfering with the quiet enjoyment and possession by the plaintiff of all of the covenants and obligations under the sub-lease agreement; and (3) a declaration that plaintiff holds as a sub-tenant under and by virtue of the sub-lease agreement and that all of the terms, conditions and provisions of said lease are applicable to the plaintiff's sub-tenancy. The defendant has counter-claimed seeking the ejectment of the plaintiff from the store premises involved in this proceeding. This cause initially came before this court on August 27, 1970, when this court granted plaintiff's motion for a preliminary injunction. This court is now called upon to determine the merits involved in this proceeding.

Defendant contends that the plaintiff has no right to relief since (1) they are precluded from litigating this claim by the doctrine of *res judicata;* (2) the leasehold interest of the plaintiff was extinguished by the judicial foreclosure sale; and (3) the doctrine of *estoppel by deed* is not applicable in this case. Plaintiff contends that the doctrine of estoppel by deed should be applied and that based upon this doctrine, relief should be granted.

*Res Judicata*—Defendant's assertion that the doctrine of *res judicata* precludes plaintiff from recovery is founded on the mechanic's lien foreclosure proceeding in the Prince George's County Circuit Court. Defendant's argument is as follows: Since plaintiff was a party before that court in which all of its and Andrews Motel Real Estate Company's right, title and interest as to parcel "K" was sold to Dr. Shulman, they are now estopped from bringing in a subsequent proceeding a cause of action based upon their sub-lease agreement with the Joint Venture.

■ The doctrine of *res judicata* specifies that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any future action between the same parties or their privies, on the same cause of action, in the same or another court as long as the judgment remains unreversed and not in any way vacated or annulled. DeMaio v. Lumbermens Mut. Cas. Co., 247 Md. 30, 230 A.2d 279 (1967); Levin v. Singer, 227 Md. 47, 175 A.2d 423 (1961). In order to decide the issue involved in this case, it is necessary to determine the precise issue litigated at the prior mechanic's lien foreclosure proceeding.

Under Maryland Rule BG 71(c) (1), an action to enforce a mechanic's lien shall be brought "against each person having an interest of record in the property against which the lien is claimed * * *." Southland, having a recorded lease with the Andrews Motel Joint Venture, was therefore required to be joined in the foreclosure proceeding. Rule BG 73(a) (1) provides for the court to sell the property if it finds "for the plaintiff" unless "the amount found to be due is paid on or before a date specified in the decree * * *." Since Andrews failed to pay Rural the sum due as determined by the circuit court, by the appointed date, the property was properly sold.

■■ The central issue in any mechanic's lien foreclosure proceeding is whether the claimant has a valid lien against the property and if so, what amount is owed. It is an *in rem* pro-

**1028**

ceeding against the property, not *in personam,* and no personal liability attaches as a result of the proceedings. Gaybis v. Palm, 201 Md. 78, 93 A.2d 269 (1952); Weinberg v. Fanning, 208 Md. 567, 119 A.2d 383 (1956). The issue, therefore, before the Prince George's County Circuit Court was whether the Rural Plumbing & Heating Co., Inc. was entitled to recover $44,043.26, the amount they asserted was due to them for work done on Parcel "K." This was the sole issue the court litigated. The court found that Rural was entitled to payment of that amount, less $25 for the relocation of a vent, and specified in its order that if this sum was not paid on or before May 15, 1968, then the interest of Andrews Motel Real Estate Company and Southland Corporation would be sold at public auction to satisfy the claim. The issue of whether the defendant was liable to the plaintiff for a breach of contract was not litigated during this proceeding.

Defendant relies upon Bachrach v. Washington United Cooperative, 181 Md. 315, 29 A.2d 822 (1943) and its progeny holding that "the final ratification of the sale of property in foreclosure proceedings is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." *Id.* at 320, 29 A.2d at 825. Quoted in Hersh v. Allnutt, 252 Md. 513, 519, 250 A.2d 629 (1969), and Ed Jacobsen, Jr., Inc. v. Barrick, 252 Md. 507, 511, 250 A.2d 646 (1969). This court recognizes the validity of this statement of the law but finds its application in this case to be misplaced.

■ Plaintiff is not attacking the foreclosure proceedings. Both parties readily admit that title was validly acquired by defendant at the foreclosure sale. All the procedural rules dictated by the Md. Ann. Code were strictly adhered to. Defendant is correct when he asserts that plaintiff cannot now contest the transfer of title. But it is not the transfer of title that plaintiff is contest-

ing. Plaintiff has brought this action for enforcement of a contract which it made with the Joint Venture prior to the foreclosure proceeding. The issue which this court is called upon to decide is wholly separate and apart from that which the Prince George's County Circuit Court litigated.

Unlike the issues that were litigated by that court, this suit was brought to enforce covenants—the covenants of title and quiet enjoyment—that were given by the Joint Venture, of which the defendant was a member, to the plaintiff. No issues were litigated in the foreclosure and sale proceedings involving the relationship between Southland, as sublessee, and its sublessor, either generally or specifically relating to the covenant of quiet enjoyment. At the time of the foreclosure sale, there was no breach of the covenant of quiet enjoyment because the purchaser was one who had previously, when the lease was executed, been a party to the covenant, and was therefore obligated to comply with its mandate. Accordingly, at that time, no cause of action had accrued. The breach occurred when the defendant subsequently notified the plaintiff of his intention to institute eviction proceedings. If the property interest had not been purchased by the defendant, but by a third party to the original lease agreement, then the plaintiff would have had a cause of action against the defendant or the Joint Venture at the time of the sale.

Defendant contends that plaintiff should have previously raised this issue to the Maryland courts through either of two courses of action. First, Southland should have filed exceptions to the trustee's sale when it became aware that Dr. Shulman was the purchaser; or secondly, plaintiff should have entered an appeal from the order ratifying the sale to the defendant. But these contentions presuppose that there was an irregularity with the foreclosure proceeding and that plaintiff is currently trying to set aside the sale.

To file an exception to the sale or to file an appeal from the order ratifying the sale, there must be grounds showing an irregularity in the sale proceedings. The mere fact that Dr. Shulman purchased this property at the foreclosure sale was not grounds in and of itself to set the sale aside. Plaintiff's contractual rights with defendant were not being litigated but rather the rights of Rural in the aforementioned property. Since plaintiff's present claim is against defendant for enforcement of a contractual right, and has nothing to do with the validity of the sale, the doctrine of *res judicata* is inapplicable. This is an entirely different cause of action—an *in personam* action based on a contract right as opposed to an *in rem* action against the property.

■■■ *Estoppel by Deed*—The doctrine of estoppel by deed or after-acquired title is equitable in nature and is for the purpose of preventing wrongs rather than promoting them. The doctrine is based on the principle of giving effect to the manifest intention of the grantor appearing on the deed, as to the interest to be conveyed, and of preventing the grantor from derogating from or destroying his own grant by any subsequent act. AMP, Inc. v. United States, 389 F.2d 448, 182 Ct.Cl. 86, cert. denied, 391 U.S. 964, 88 S.Ct. 2033, 20 L.Ed.2d 878 (1968); Jordan v. Marks, 55 F. Supp. 204 (W.D.La.), aff'd 147 F.2d 800 (5th Cir. 1944). The underlying theory is stated succinctly in 28 Am.Jur.2d, Estoppel by Deed or Bond, § 4 and quoted in Thompson v. Gue, 256 Md. 32, 37, 259 A.2d 272, 275 (1969):

Generally, estoppel by deed is based upon equitable considerations. In other words, it rests upon the inequity of allowing the party estopped from asserting a contrary position. The principal is that when a man has entered into a solemn engagement by deed, he shall not be permitted to deny any matter which he has asserted therein, for a deed is a solemn act to any part of which the law gives effect as the deliberate admission of the maker; to

him it stands for truth, and in every situation in which he may be placed with respect to it, *it is true as to him.*

■■■ This doctrine has been applied to conveyances of land where the grantor has no title or to which he has a defective title at the time of conveyance, and where afterwards the grantor acquires a good title to the land. In either case, he is estopped from claiming in derogation of his deed. Columbian Carbon Co. v. Kight, 207 Md. 203, 114 A.2d 28 (1955). This doctrine applies to leases as well as to titles in land. *Columbian, supra.* Since defendant herein was a member of the Joint Venture at the time the lease was executed, he was a grantor of the lease agreement and is now estopped from asserting a title free and clear of his prior lease agreement with plaintiff.

Defendant, by Article 7, paragraphs (1) and (2) of the sub-lease agreement dated January 6, 1965, covenanted with the plaintiff

(1) That Landlord has good and marketable title to the demised premises in fee simple absolute and that the same is subject to no leases, tenancies, agreements, encumbrances, liens or defects in title affecting the demised premises or the rights granted Tenant in this lease;

\*   \*   \*   \*   \*   \*

(2) That the Tenant upon paying the rent and performing the covenants and agreements of this lease shall quietly have, hold and enjoy the demised premises and all rights granted Tenant in this lease during the term hereof.

No claim has been advanced that the plaintiff was in violation of any term or provision of the lease agreement.

■■■ As a general rule, the law applicable to partnerships applies with respect to the relation between members of a joint venture and third persons. Am.Jur.2d, Joint Ventures, § 57. Under the Uniform Partnership Act, all partners are jointly liable for all debts and obligations of the partnership. Md.

Ann.Code, Art. 73A § 15(b) (1957). Members of the joint venture are therefore jointly liable for all obligations undertaken by the venture. The actions of the joint venture bind the individual partners. *Cf.* Hobdey v. Wilkinson, 201 Md. 517, 94 A.2d 625 (1953).

When the Joint Venture made the lease agreement with the Southland Corporation, it was as though the defendant had personally made the contract with Southland. The legal effects were the same. He was charged with complying with the contractual obligations.

■ Defendant, through the Joint Venture, expressly warranted and covenanted with the plaintiff the covenants of title and quiet enjoyment. He defaulted in both of these express covenants. The defendant now seeks to escape the result of his own default and gain an advantage by it. He was under an obligation to plaintiff to protect their quiet enjoyment in the use of the leased property. This included the payment of the mechanic's lien as determined by the Circuit Court. He failed to make such payment which resulted in the sale of his and the lessee's interest in the property. One who is under a legal obligation at the time of a foreclosure sale to pay all debts and other claims and obligations which have had an adverse effect upon title, for which the property was sold, cannot take advantage of his own wrong and purchase at the sale title to the property and thereby defeat the leasehold interest previously given. *Cf.* Jacobsen v. Nieboer, 299 Mich. 116, 299 N.W. 830 (1941). The law will presume that the purchase was made in the performance of the defendant's duty and not in repudiation of it. The subsequent purchase will operate as a redemption which will inure to the plaintiff's benefit, notwithstanding the fact that defendant's title had been cut off by the mechanic's lien foreclosure sale. The defendant's purchase was in compliance with his contractual obligations and hence all contractual obligations will remain in full force and effect as between him and the plaintiff.

If the property had been bought at the foreclosure sale by a third party, and that party sought to have the plaintiff evicted, the plaintiff would have had a cause of action against the Joint Venture for a breach of its covenants of title and quiet enjoyment. The legal effects are no different here. The defendant, a general partner in the Joint Venture, bought the property at the foreclosure sale. He was already bound by a contractual commitment with the plaintiff that it should have the right to quiet enjoyment in the use of the property so long as the lease provisions were complied with. The contract was not negated by the foreclosure sale; it was only unenforceable against a third party. Whereas the only remedy, if the property had been purchased by a third party, appears to be monetary damages for the breach of the covenants of title and quiet enjoyment, this is not the situation before this court. This is an equity proceeding to enforce the provisions of a contract, a contract to which the defendant was a party. The foreclosure sale did not absolve the defendant of his contractual responsibility. When he purchased the property, he was still liable for its contractual provisions. The general rules of equity and the doctrine of after-acquired title require this result.

■ The covenant for quiet enjoyment is generally construed as securing the lessee against the acts or hindrances of the lessor and all persons deriving their right or title through him. To allow one of the partners to purchase the leasehold interest at a foreclosure sale and thereafter to evict the tenant, paying no heed to the known existing leasehold interest, is to allow the partner to do indirectly that which he could not have done directly. No one can acquire rights in property antagonistic to the person whose interest he has committed himself to protect, nor hold any benefit acquired as a result of this breach of duty. Pennsylvania Electric Co. v. Shannon, 377 Pa. 352, 105 A.2d 55 (1954). Equity will not permit the de-

fendant to say that the lease had been extinguished by the foreclosure proceedings and therefore, as between him and the plaintiff, it is the same as if it never existed.

For the reasons stated above, this court declares that plaintiff does hold and occupy as a sub-tenant by virtue of the sub-lease agreement and that all of the terms, conditions and provisions of said sub-tenancy are applicable to the plaintiff. This court further grants plaintiff's request for a permanent injunction restraining the defendant, his privies and assigns, for the duration of the sub-lease agreement from interfering with the quiet enjoyment and possession by the plaintiff of all of the covenants and obligations under the sub-lease agreement. Accordingly, the defendant's counterclaim is denied.

The plaintiff's counsel will present an appropriate order in accordance with the foregoing opinion with costs.