**Robert V. ADAMS, et al., Plaintiffs,**

v.

**NVR HOMES, INC., t/a Ryan Homes, et al., Defendants.**

**No. Civ. H–99–846.**

United States District Court, D. Maryland.

March 22, 2000.

Pamela D. Marks, Robert Brager, Beveridge & Diamond, PC, Baltimore, MD, Roberto N. Allen, Saul, Ewing, Weinberg & Green, Baltimore, MD, Mark A. Turco, Monica La Polt, Baltimore, MD, for Plaintiffs.

Arnold M. Weiner, Snyder, Weiner, Weltchek, et al., Beverly Ann Turk, Baltimore, MD, for NVR Homes, Inc., NVR, Inc., Defendants.

Mark H. Kolman, Robert William Pommer III, Dickstein, Shapiro, Morin & Oshinsky, John Agar, Washington DC, Edward E. Sharkey, Baltimore, MD, for Brantly Development Group, Inc., Brantley Management Group, Inc., Nantucket Island Homes, Inc., John F. Liparini, Nick Liparini, Defendants.

Mark H. Kolman, Robert William Pommer III, Dickstein, Shapiro, Morin & Oshinsky, Washington, DC, Edward E. Sharkey, Baltimore, MD, for Brantley Development Corp., Marshalee Woods Limited Partnership, Defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

The background facts pertaining to this litigation were set forth in some detail in this Court's Memorandum and Order of February 17, 2000 and will not be repeated here. In that Memorandum and Order, the Court dismissed Counts V, VI, VII and VIII of the amended complaint as to all Brantly Defendants except defendant Nantucket, dismissed Counts XIII and XIV of the amended complaint as to all defendants, dismissed Counts II and IV of the amended complaint as to all Brantly Defendants, denied the motion of the Brantly Defendants to dismiss Count X of the amended complaint, and denied the motions of all defendants to dismiss Count III of the amended complaint.

Presently pending before the Court is a motion for sanctions filed by the Brantly Defendants under Rule 11, F.R.Civ.P. That motion was filed on February 12, 2000. On February 22, 2000, plaintiffs submitted pursuant to Rule 41(a)(1)(i) a Notice of Dismissal of Counts IX and X of the amended complaint insofar as they pertain to defendants Brantly Management and John Liparini (hereinafter "Notice of Dismissal"). Promptly thereafter, the Brantly Defendants filed a

motion to stay dismissal of claims and subsequently a motion to vacate plaintiffs' Notice of Dismissal.[1]

Memoranda and exhibits have been filed in support of and in opposition to all three of the pending motions. No hearing on these motions is necessary. *See* Local Rule 105.6. For the reasons stated herein, all three pending motions will be denied.

## I

### *Procedural History*

Proceeding pursuant to Rule 11(c)(1)(A),[2] the Brantly Defendants served a copy of their Rule 11 motion for sanctions on plaintiffs' counsel and requested that plaintiffs withdraw two counts of the complaint[3] insofar as they pertain to defendant Brantly Development, defendant Brantly Management and defendant John Liparini. The Brantly Defendants contended that while these counts had been sufficiently pled insofar as they pertained to these three defendants, both Counts should nevertheless be dismissed because they were patently devoid of evidentiary support and were unjustified. The Brantly Defendants claimed in particular that the three defendants in question could not be found liable under Counts IX and X because none of the plaintiffs had ever entered into any of the relevant contracts with any party other than defendant Nantucket. The Brantly Defendants further asserted that plaintiffs and plaintiffs' counsel were well aware of this fact.

At the conclusion of the twenty-one day waiting period prescribed by Rule 11(c)(1)(A) during which plaintiffs' counsel could withdraw the allegedly unjustified claims without being subject to Rule 11 penalties, plaintiffs' counsel informed counsel for the Brantly De-

fendants that plaintiffs would not be withdrawing Counts IX and X as they pertained to the three defendants in question. On February 1, 2000, the Brantly Defendants filed the pending motion for sanctions.

The Court's Memorandum and Order ruling on defendants' renewed motions to dismiss was entered on February 17, 2000. On February 22, 2000, plaintiffs filed pursuant to Rule 41(a)(1)(i) the Notice of Dismissal.[4] Responding to plaintiffs' Notice of Dismissal, the Brantly Defendants have filed the pending motion to stay and the pending motion to vacate.

## II

### *Applicable Principles of Law*

Under Rule 41(a)(1)(i), F.R.Civ.P., a plaintiff may dismiss a claim against a defendant in a pending action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." The Rule was designed to permit a disengagement of the parties at the behest of the plaintiff in the early stages of a suit before the defendant has expended time and effort in the preparation of his case. *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir.1971). Once the defendant has filed pleadings which would normally involve extensive preparation like an answer or a motion for summary judgment, the granting of a requested dismissal without prejudice becomes discretionary with the court. *Id.*

Rule 11 allows a court to impose an appropriate sanction upon a litigant who files a complaint asserting a frivolous claim. Rule 11 is designed to punish and deter the filing of pleadings that a reasonable attorney would

---

1. Plaintiffs have also filed a Notice of Dismissal of Counts III and XII insofar as they pertain to defendant Nick Liparini. That Notice of Dismissal has not been challenged by the Brantly Defendants.

2. Rule 11(c)(1)(A) provides in pertinent part as follows:
   [a] motion for sanctions ... shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, ... the

challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

3. The two counts are as follows: Count IX—Breach of Contract and Count X—Breach of Implied Warranties.

4. Plaintiffs have declined to voluntarily dismiss Counts IX and X insofar as they pertain to defendant Brantly Development.

recognize as frivolous. *Stratton v. Miller*, 113 B.R. 205, 211 (D.Md.1989). In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court held that a district court retains jurisdiction to impose Rule 11 sanctions based on frivolous claims even after those claims have been voluntarily dismissed pursuant to Rule 41(a)(1)(i) by the party against whom sanctions are being sought. *Id.* at 395, 110 S.Ct. 2447. The Court stated that "a voluntary dismissal does not eliminate the Rule 11 violation." *Id.* at 398, 110 S.Ct. 2447.

## III

### *Discussion*

There is no merit to the motion to stay and the motion to vacate filed by the Brantly Defendants. These two motions will accordingly be denied.

■ While the Brantly Defendants are arguably correct that claims reviewed pursuant to a Rule 11 motion are addressed under standards applicable to summary judgment motions, *see Bobe–Muniz v. Caribbean Restaurants, Inc.*, 76 F.Supp.2d 171, 176 (D.P.R. 1999), they have not cited any case supporting their contention that the filing of their Rule 11 motion precludes plaintiffs from later voluntarily dismissing under Rule 41 Counts IX and X insofar as they pertain to defendants Brantly Management and John Liparini. Rule 41(a)(1)(i) clearly allows a plaintiff to voluntarily dismiss any claim, without leave of court, so long as the dismissal occurs before service by the defendant of an answer or a motion for summary judgment. Plaintiffs' Notice of Dismissal was submitted to this Court on February 22, 2000, and the Brantly Defendants did not file their answer to plaintiffs' amended complaint until March 2, 2000. No motion for summary judgment addressing the claims asserted in Counts IX and X was filed prior to February 22. The Court concludes that plaintiffs have satisfied the requirements of Rule 41. Accordingly, the Court will deny both the motion to stay and the motion to vacate filed herein by the Brantly Defendants.[5]

■ Nevertheless, plaintiffs' Notice of Dismissal does not bar consideration by the Court of the motion for sanctions filed by the Brantly Defendants, even though that motion relates to some of the very same claims which have now been voluntarily dismissed by plaintiffs. *See Cooter & Gell*, 496 U.S. at 395, 110 S.Ct. 2447. In their motion for sanctions, plaintiff ask that this Court dismiss Counts IX and X as to defendant Brantly Management and also impose an appropriate monetary penalty on plaintiffs' attorneys. The question presented is whether a reasonable pre-filing inquiry was made by counsel for plaintiffs before they filed the amended complaint. *See Wagner v. Allied Chemical Corp.*, 623 F.Supp. 1407, 1411–12 (D.Md. 1985). As the Fourth Circuit has indicated, Rule 11 is designed to punish and deter the filing of pleadings that a reasonable attorney would regard as frivolous. *Forrest Creek Assoc. v. McLean Sav. & Loan Ass'n.*, 831 F.2d 1238, 1245 (4th Cir.1987). A standard of objective reasonableness should be applied. *NCNB National Bank v. Tiller*, 814 F.2d 931, 941 (4th Cir.1987).

■ On the record here, this Court cannot conclude that it was unreasonable for plaintiffs and their attorneys to believe that the allegations of the amended complaint were well grounded in fact. The Brantly Defendants have therefore failed to demonstrate that the claims asserted in Counts IX and X against defendants Brantly Development, Brantly Management and John Liparini were frivolous.

■ Under Maryland law, a joint venture "has been defined as an association of two or more persons to carry out a single business enterprise and as a partnership for a single transaction." *Seaboard Surety Co. v. Kline, Inc.*, 91 Md.App. 236, 247, 603 A.2d 1357 (1992) (citations omitted). As a general rule, the law applicable to partnerships applies with respect to the relation between members of a joint venture and third persons. *Geo. Bert. Cropper, Inc. v. Wisterco Investments, Inc.*, 284 Md. 601, 614, 399 A.2d

5. Although not required to do so by Rule 41, the Court has, because of the parties' dispute, entered an Order approving the Notice of Dismissal filed by the plaintiffs.

585 (1979); *Southland Corp. v. Shulman*, 331 F.Supp. 1024, 1030 (D.Md.1971). Because all partners are jointly liable for all debts and obligations of a partnership, members of a joint venture are jointly liable for all obligations undertaken by the venture, and the actions of the joint venture bind the individual partners. *Southland Corp.*, 331 F.Supp. at 1031.

As plaintiffs have pointed out in their opposition papers, numerous documents support their contention that it was reasonable for plaintiffs' counsel to believe that Brantly Development, Brantly Management and John Liparini as well as Nantucket could be held legally responsible for having breached contracts entered into by plaintiffs with defendant Nantucket and for having breached implied warranties in those contracts. Plaintiffs have produced documents from the United States Department of Housing and Urban Development ("HUD") which support their contention that it was not entirely clear whether it was defendant Nantucket or defendant Brantly Development which actually sold the properties at issue to the plaintiffs. These HUD documents indicate that the party selling the homes to plaintiffs was defendant Brantly Development. It was not unreasonable for plaintiffs' counsel to have believed at the time of the filing of the amended complaint that defendants Brantly Development and Nantucket were engaged in a joint venture to develop, market and sell the Calvert Ridge properties.

Plaintiffs have also submitted letters from defendant Brantly Development to third parties concerning the Calvert Ridge properties. Those letters were drafted on the letterhead of defendant Brantly Development. In view of these documents and in the absence of discovery explaining their import, it was not unreasonable for plaintiffs' counsel to have believed that defendants Brantly Development and Brantly Management operated as a joint enterprise insofar as the Calvert Ridge properties were concerned.

The record here also includes a copy of a facsimile transmission forwarded from a fax machine of Brantly Development and sent by defendant John Liparini on a letterhead of Brantly Management concerning a Nantucket transaction. Since John Liparini was the President of all of these corporations, it was not unreasonable for plaintiffs' counsel to have believed at an early stage of the case that all four of these defendants may have operated as a joint venture in developing and marketing the Calvert Ridge properties and that all four could therefore be held jointly liable under Counts IX and X.

A reading of the amended complaint in its entirety implicitly reveals plaintiffs' belief that the Brantly Defendants constituted a joint venture which had been formed to develop, market and sell the Calvert Ridge properties. *See* Plaintiffs' Amended Complaint, ¶¶ 10–15, 31–33, 67. Relying on *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782 (7th Cir.1999), the Brantly Defendants argue that when a plaintiff contends that a defendant is liable on grounds of partnership or agency, the existence of the relationship is an element of the claim which the plaintiff must specifically plead in plaintiff's complaint. Defendants' reliance on Lachmund is misplaced. In that case, the Seventh Circuit reached its conclusion under Rule 9(b), which, as was extensively discussed by this Court in its Memorandum and Order of February 17, 2000, requires that in all "averments of fraud and mistake, the circumstances constituting fraud be stated with particularity." Because Counts IX and X do not deal with fraud based claims, the less stringent pleading requirements of Rule 8(a), rather than those of Rule 9(b), are applicable in this case.

The Brantly Defendants argue that the plaintiffs' reliance on a theory of partnership or joint venture liability is not supported by legally sufficient evidence under principles of partnership law. However, this case is still in its early stages. A Scheduling Order setting dates for the completion of discovery was not entered until February 17, 2000. It was not until March 2, 2000 that the Brantly Defendants filed their answer to the amended complaint. Until discovery relating to the merits has been completed and the facts carefully sifted,[6] it cannot be conclusively

---

6. The limited discovery permitted by Judge Legg

related to the fraud, nuisance and trespass

determined whether there is merit to plaintiffs' reliance on a joint venture theory in support of the claims asserted in Counts IX and X.

At this early juncture of this litigation, the Court has concluded on the meager record before it that the Brantly Defendants have failed to demonstrate that the allegations of Counts IX and X of the amended complaint are frivolous insofar as they pertain to defendants Brantly Development, Brantly Management and John Liparini. As a result of plaintiffs' Notice of Dismissal, the Brantly Defendants have been relieved of the necessity of preparing defenses to the claims asserted in Counts IX and X against defendants Brantly Management and John Liparini. When discovery has been completed, defendant Brantly Development would be entitled to challenge the claims asserted against it in Counts IX· and X by way of a motion for summary judgment. Once the facts have been developed by way of discovery, the Court will be in a better position to determine whether plaintiffs may rely on a joint venture theory in seeking a recovery from Brantly Development under Counts IX and X. Inquiry into the facts is "desirable to clarify the application of the law." *See Podberesky v. Kirwan*, 38 F.3d 147, 156 (4th Cir.1994) (citing *Stevens v.*

*Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950)).

## IV

### Conclusion

For all these reasons, the three pending motions of the Brantly Defendants will be denied. Accordingly, it is this 22nd day of March, 2000 by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion of the Brantly Defendants to stay dismissal of claims is hereby denied;

2. That the motion of the Brantly Defendants to vacate plaintiffs' Notice of Dismissal is hereby denied; and

3. That the Rule 11 motion for sanctions of the Brantly Defendants is hereby denied.

counts of the complaint and not to the breach of

contract and breach of warranty counts.