# ERNEST W. STIRN *v.* RADIO-KEITH-ORPHEUM CORPORATION.

[Nos. 38, 39, October Term, 1932.]

*Decided January 11th, 1933.*

The causes were argued before Bond, C. J., Urner, Adkins, Offutt, Digges, and Sloan, JJ.

*F. Murray Benson,* for the appellant.

*Reuben Oppenheimer* and *R. Dorsey Watkins,* with whom were *Emory, Beeuwkes, Skeen & Oppenheimer,* and *Piper, Carey & Hall,* on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

A stockholder of the appellee corporation, suing solely in his own behalf, filed a bill in equity against it for an injunction and a receivership on the ground of alleged mismanagement and the invalidity of certain amendments of its charter. Shortly after the filing of the bill, several other stockholders were joined as plaintiffs in the suit under orders of court passed upon their respective petitions. About three months later, on the day before the case was to be finally heard on bill and answer, the appellant filed simultaneous petitions for leave to intervene as an additional plaintiff, and to take testimony upon the issues raised by the pleadings. The defendant objected to the proposed intervention, and the appellant's petition to that end was denied by an order of court, "without prejudice to any rights the petitioner may have to bring an independent suit either at law or in equity." He has appealed from that order, and from a decree subsequently passed, after the final hearing, by which the bill of complaint was dismissed.

The principal objections urged against the application of the appellant to be made a co-plaintiff in the case were that his petition did not sufficiently support his asserted right to intervene, and that the purpose of his intervention, and coincident application for leave to take testimony at a later time, was to change the procedural situation into which the case had been brought for final hearing on bill and answer.

In declining to admit the appellant as a party at the time and for the purpose shown by the record, the court below acted in the exercise of a competent and sound discretion. Its order denying the appellant's request to be made a party did not adjudicate any of his rights, but expressly left him free to bring an independent suit. Because of its discretionary nature and its lack of finality, the order was, in a double aspect, not appealable.

In *Alexander v. Maryland Trust Co.*, 106 Md. 170, 189, 66 A. 836, the refusal of the lower court to permit the appellant to intervene and take testimony in an equity suit was held to be within the court's discretion, and his appeal was dismissed for that reason.

The opinion of the Supreme Court in *Credits Commutation Co. v. United States*, 177 U. S. 311, 315, 20 S. Ct. 636, 637, 44 L. Ed. 782, 785, was, in part, as follows: "The view of the Circuit Court of Appeals [91 Fed. 570] was that the order of the Circuit Court refusing leave to intervene was not a final judgment or decree from which an appeal could be taken, and that, at any rate, the action of the lower court in refusing leave to intervene was not reviewable on appeal, inasmuch as it rested in the sound discretion of the chancellor to admit or reject the intervention. * * * The question was well considered by the Circuit Court of Appeals, and we quote and adopt its statement, as follows: 'When such action is taken, that is to say, when leave to intervene in an equity case is asked and refused, the rule, so far as we are aware, is well settled that the order thus made denying leave to intervene is not regarded as a final determination of the merits of the claim on which the intervention is based, but leaves the petitioner at full liberty to assert his rights in any other appropriate form of proceeding. Such an order not only lacks the finality which is necessary to support an appeal, but it is usually said of it that it cannot be reviewed, because it merely involves an exercise of the discretionary powers of the trial court. * * * It is doubtless true that cases may arise where the denial of the right of a third party to intervene

therein would be a practical denial of certain relief to which the intervener is fairly entitled, and which he can only obtain by an intervention. Cases of this sort are those where there is a fund in court undergoing administration to which a third party asserts some right which will be lost in the event that he is not allowed to intervene before the fund is dissipated. In such cases an order denying leave to intervene is not discretionary with the chancellor, and will generally furnish the basis for an appeal, since it finally disposes of the intervener's claim by denying him all right to relief. The cases at bar, however, are not of that character.' " This can also be said of the present case.

For the dual reason we have stated, and upon the authority of the federal and state decisions just cited, it will be necessary to dismiss the appeal from the order refusing to admit the appellant as a party. In view of this conclusion, his appeal from the final decree in the case must also be dismissed, because, not being a party, he is not in a position to question that adjudication.

*Appeals dismissed, with costs.*