## WILLIAMS ET AL. *v.* MOORE ET AL.

[No. 101, September Term, 1957.]

*Decided December 23, 1957.*

182

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Jack H. Williams* and *Severn E. Lanier,* for appellants.

*Paul J. Wilkinson,* with whom was *Philip B. Smith* on the
brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal from a declaratory decree of the Circuit
Court for Baltimore County, sitting in equity, dated April
10, 1957, declaring a 20-foot private road extending from
the property of the appellees, Howard Nelson Moore and
wife, along and, as to one-half its width, over the property
of the appellants, Richard Williams, Jr., John Smylie Morrel
and their wives, to be subject to use in common by all parties
to the suit, their heirs and assigns, for the benefit of any and
all properties now or formerly owned by said parties within
the outlines of the original tract of land, for the benefit of
which properties the road was originally laid out and used;
and that the appellees have the right to use, for ingress and
egress, the 20-foot private road, with the right to grant to
any purchasers of the land within the original tract the use in
common of the road. The decree also defines the "original
tract of land" and dismisses a cross-bill of complaint filed
by the appellants.

[Note. The date appearing on Parcel A is incorrect and the name "Saddler" refers to John T. Sadler, Jr.]

The whole property within the outlines of the above exhibit was formerly owned by a party named Gamble. In 1947, parcel A was transferred by deed from Gamble, and wife, to Richard Williams, Jr., and wife, two of the appellants. This deed called for the property to bind along the center of the twenty-foot private road leading from Circle Road and

outlined on the drawing above, with the use thereof in common. Later in 1947, Gamble, and wife, conveyed the parcel containing 4.096 acres and marked "Onnen" to Howard Nelson Moore, and wife, the appellees; and on June 15, 1948, they conveyed, to the same grantees, parcels B, C, D and X. Both of said deeds provided that the twenty-foot private road should be used in common. On the same day of the latter conveyance, June 15, 1948, the Moores conveyed parcel B to John Smylie Morrel, and wife, the other appellants, with the right to use the private road in common. In 1953, the Moores conveyed parcel C to Thomas R. Patton, Jr., and wife, who owned additional property to the south of parcel C; and the Pattons, shortly thereafter, conveyed parcel C and their other property to the south to John T. Sadler, Jr., and wife, both deeds providing for use in common of the said private road. In 1954, the Moores conveyed parcel D to parties by the name of Root; and the parcels marked "Onnen" and X to Ferdinand H. Onnen, and wife, both conveyances having a like provision concerning the road. The Sadlers, the Morrels and the Williamses executed a written agreement in 1955, whereby the Morrels and the Williamses granted the Sadlers the right to use the road in common for a consideration of $2,000. Also in 1955, parcel X was reconveyed by the Onnens to the Moores. All of the above conveyances that were included in the appendix contained words of inheritance. On June 12, 1956, the Moores executed a contract of sale of parcel X to Richard J. Oetking, and wife. The Morrels and Williamses, the present owners of parcels A and B, disputed, and still dispute, the right of any future grantee of parcel X to use the road in question. While the record is not entirely clear concerning the same, it appears that Robert Richardson, and wife, are the present owners of parcel D.

The Moores filed suit against the Morrels and the Williamses praying a declaration that the private road is subject to be used in common by the appellants and appellees and their heirs and assigns, in favor of any and all properties, now or formerly owned by the said parties; and that the appellees have the full and complete right to use said road as

it extends along and over the properties of the appellants, in common with them and others entitled thereto, and the full right to grant, unto any purchasers of properties within the outlines of the original tract of land, the use of said road in common with others entitled to its use. The appellants demurred to this bill of complaint, principally on the ground that there was a non-joinder of necessary parties. This demurrer was overruled, testimony was taken and the above mentioned decree entered. ·

Section 11 of Art. 31A, (Code 1951), in part, states: "When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, * * *." This provision has been interpreted by this and other Courts on many occasions. It may be stated as a general rule that ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties. *Utica Mutual Insurance Co. v. Hamera,* 292 N. Y. S. 811; *Franklin Life Ins. Co. v. Johnson* (C. C. A. 10th), 157 F. 2d 653. It has been held that the presence of necessary parties is jurisdictional, and this is a matter which the parties present cannot waive. *Redick v. Peony Park* (Neb.), 37 N. W. 2d 801. The case of *Hine v. Blumenthal* (N. C.), 80 S. E. 2d 458, was an action for a declaratory judgment in which the right to close an alley for a period of years was involved. It was held that the owners of the fee in the alley, which was subject to the easements involved in the suit, were necessary parties. See also *Redick v. Peony Park, supra; Garnick v. Serewitch* (N. J. Super.), 121 A. 2d 423.

One of the primary reasons for the above quoted part of section 11 was to make any decree rendered by the Court a final and complete determination of the subject matter in dispute, and thereby prevent a multiplicity of suits. We think it is obvious that if the decree, which was granted as prayed for above, is to have the final and tranquilizing effect it is calculated to subserve, the other parties who have, or claim to have, an interest in the road should have been joined as parties. The present owners of parcel D own a part of the fee in said road; and the owners of parcels C and "Onnen"

(and probably the contract purchasers of parcel X) either have, or claim to have, an interest therein. As they were not made parties and are, therefore, not bound by the decree, is there anything to prevent one or more of them from contesting the binding effect as to them of the decree as it now stands? We think not. And this Court has held on quite a number of occasions that in actions for declaratory judgments or decrees, the failure to join parties, who have an interest which would be affected by the declaration, was fatal. Among the cases so holding, see *Building Association v. Sohn,* 178 Md. 434, 442, 13 A. 2d 616; *U. Slate Wkrs. v. Carpenters, etc.,* 185 Md. 32, 37, 42 A. 2d 913; *Givner v. Cohen,* 208 Md. 23, 31, 116 A. 2d 357. We, therefore, hold that the demurrer should have been sustained for failure to include necessary parties.

We think, however, the chancellor was clearly correct in dismissing the appellants' cross-bill. This cross-bill is somewhat lacking in clarity, and it is difficult to discern with certainty just what relief the appellants desired. It seems, however, that they wanted the court to enjoin perpetually the Moores from imposing upon the private road any increase in traffic by the grant, conveyance or assignment of the use of said road for the benefit of parcel X; and to grant them damages from the Moores, because of the Moores' previous conveyances of parcels C and D.

It seems clear from the statement made at the beginning, relative to the different transfers of the property within the exhibit, that the Moores, as the present owners of parcel X, have, by express grant, a right of user in the private road for the benefit of parcel X; and they may transmit that use, for the benefit of parcel X, to their "heirs and assigns." In the deed from the Moores to the Morrels, which granted parcel B, the Moores covenanted not to erect or maintain more than two single family dwellings on parcels X and D. So far, there has been but one residence erected, and that on parcel D; consequently, there has been no breach of this covenant. Under these circumstances, there was no basis upon which to enjoin the Moores from using the road, or transferring the use, for the benefit of parcel X.

The appellants argue that the appellees have failed to come into Court with "clean hands," and have been guilty of laches; but there is not the slightest evidence to sustain an application of either of these doctrines.

If we assume that the question of damages is properly before us, it will suffice to say that the appellants have already been paid by Mr. Sadler, the owner of parcel C, for his use of the road; and the Moores, by express reservation, had a right to transfer a user in the road for the benefit of parcel D to their grantees of said parcel.

The ultimate contention of the appellants is that the court erred in excluding evidence concerning the physical condition of the road, claiming that those conditions would have shown an additional hazard to safety by any increased use of the road. Confining our ruling to the facts of this case, we hold the chancellor was correct. The only question to be determined was whether the Moores had a legal right to use the road for the benefit of parcel X, and, as we have already decided that they did, this argument of the appellants cannot prevail.

> *Decree affirmed in part, and reversed in part, and cause remanded for further proceedings not inconsistent with this opinion, appellants to pay the costs.*