SHENK *v.* MARYLAND DISTRICT SAVINGS &
LOAN CO., ET AL.

[No. 336, September Term, 1963.]

*Decided June 19, 1964.*

The cause was submitted on the brief to HENDERSON, HAM-
MOND, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted by *Victor L. Crawford* for appellant.

Submitted by *Kathryn E. Diggs* and *Harper M. Smith* for appellees.

PER CURIAM.

On August 23, 1963, fifteen months after the Maryland District Savings and Loan Association was placed in receivership, a motion to intervene in the proceedings was filed by the appellant, Carol G. Shenk, in the Circuit Court for Montgomery County. A hearing was held on the motion at which it was made clear by counsel for the appellant that the motion was not filed in an attempt to set aside the receivership nor to raise any collateral issue, but was made for the sole purpose of keeping the appellant informed. Thereafter the court filed an order denying the motion to intervene. This appeal followed.

The law in this State is that a person not a party will not be permitted to intervene in litigation unless he has an interest which it is essential to protect and which is not otherwise protected. *Bauer v. Hamill,* 188 Md. 553, 563, 53 A. 2d 399. Appellant admitted she has not been prejudicially affected by the proceedings to date which are, of course, a matter of public record. Rather, she suggests that there may be some future aspect of the proceedings affecting her interests adversely. This, we think, is merely speculative and affords no present basis upon which to become a party to the proceedings.

Although she was examined at some length by the lower court, appellant could not state with specificity for the court, nor did she demonstrate to this Court, how her free shareholder interest would be jeopardized if she were not permitted to intervene. Since the powers vested in the receiver are exercised under the supervision of the court, whose permission is usually sought if not required for all but routine transactions made in managing the affairs of the corporation, a periodic perusal of the file would apprise Mrs. Shenk of any forthcoming action affecting her interest.

We think the appellant has failed to bring herself within the ambit of Maryland Rule 208 a regarding the right to intervene, and the lower court did not abuse its discretion under Rule 208 b in denying her motion.

*Order affirmed, appellant to pay costs.*