## WEINBERG *v.* FANNING
[No. 68, October Term, 1955.]

*Decided January 10, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*George E. Brown, Jr.,* for appellant.

No brief and no appearance for appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal stems from a contest between an attaching judgment creditor and a mechanic's lien holder for money in the hands of the property owner, 534 Realty Co., Inc. This corporation, owner of premises on Calvert Street, Baltimore, and Katz and Novey, trustees, owners of the adjoining property, agreed that the realty company could build an elevator shaft in part on the trustees' property and the trustees could use the shaft if their property, then a vacant lot, should be built on. The realty company hired Harold Bereson, trading as Suburban Construction Company, to build the shaft and Bereson, in turn, employed William F. Fanning to do the brick work. Construction began in early December, 1953, and the brick work was finished in April, 1954. The appellant, Benjamin C. Weinberg, also had done work on the elevator shaft for Bereson and, not being paid, obtained a judgment against him for the sum due. On April 9, 1954, he laid an attachment in the hands of the realty company, as garnishee, for money due by it to Bereson, as a part of the contract price for the erection of the shaft. On April 10, 1954, Fanning filed a mechanic's lien against the properties of the realty company and the trustees. The realty company refused to honor the attachment on the ground that it was entitled to retain the money in its hands due on the construction contract and apply it on the mechanic's lien claim.

Appellant concedes, for the purpose of the case, that if the Mechanic's lien is valid, the money held by the realty company must go to Fanning and not to him since the lien would have priority over his judgment, obtained after the commencement of the work. We assume, without deciding, that this is so. Code, 1951, Art. 63, Sec. 13; *Wells v. Canton Co.*, 3 Md. 234, 241; *Jean v. Wilson*, 38 Md. 288, 296; *Franklin Insurance Co. v. Coates*, 14 Md. 285; *Long Contracting Co. v. Albert*, 116 Md. 111; *Parker v. Morgan*, 170 Md. 7.

Appellee filed no brief and made no argument in this Court. Counsel for appellant says that it was agreed

in Judge Cullen's chambers that Fanning would file a bill to enforce his mechanic's lien and that Weinberg, without opposition, would intervene and dispute its validity. The bill was filed in January, 1955, and was followed a few days later by the petition to intervene. The appellee, through his attorney (said to be the one who had agreed to the intervention), formally opposed intervention, and at the hearing to determine the validity of the mechanic's lien, Judge Nice denied the appellant that right. Thereupon, at the urging of appellant's counsel, it was agreed at the trial table by the parties, with the approval of the chancellor, that appellant's counsel would enter his appearance for the trustees (who were represented by other counsel) and contest the validity of the lien, along with counsel for the realty company. This he did, and after a full hearing, Judge Nice decreed that Fanning had "a valid and subsisting lien" against the elevator shaft on the property of the realty company and the trustees, enforceable against them "as their respective interests therein appear." This decree was entered on May 6, 1955. There was no appeal from it. The separate order of court denying intervention was likewise dated May 6, 1955, and it is from this order alone that the appellant appeals.

The events of the case make it apparent that we must decide whether the appellant has not lost all right he may have had to challenge the decree and whether, without this right, his appeal from the order denying intervention, even if successful, would not be meaningless. Entirely apart from whether the appellant could ultimately prevail on the main issue, he must have pursued either of two courses if, in his own right, he were to have the opportunity to present his point in the lower court and in this Court. When he was told that he would not be allowed to intervene, he could have either prevailed upon the lower court to stay the decree until this Court had passed upon his appeal from the order denying intervention, or he could have entered an appeal from the decree itself. Since he made no application for a stay

and did not appeal from the decree, it became enrolled months before the case came up for decision in this Court and there arises the question whether the matter is not moot and subject to dismissal on this ground. *Montgomery County v. Met. Dist.*, 200 Md. 525, 529-31; *Bowles v. Moller, Inc.*, 163 Md. 670. It is not contended that the court was without jurisdiction to pass the decree, either because the appellant was an indispensable party or otherwise. The decree has the standing of any other decree in equity. Code, 1951, Art. 63, Sec. 24. The appellant's counsel actively participated in the case and had full knowledge of the terms and effect of the decree—in fact, admits that it foreclosed his client's right to the money in the hands of the realty company—and, to this extent, appellant is bound by it. *Riley v. First National Bank,* 81 Md. 14, 28; *Bernstein, Cohen & Co. v. Stansbury,* 119 Md. 316. Appellant is charged with the knowledge that the decree would become enrolled in thirty days, and if not sooner appealed from, would thereafter be beyond altering by this Court or the lower court, before or after remand, except for fraud or other limited grounds—none of which is present. Disregarding for the moment the question of mootness, the appellant, if he were to have his case decided on the merits and not dismissed, whether he had appealed from the order denying intervention or from the decree upholding the lien, would have to show substantially the same right—that is, that although not a technical party to the cause, he had in the subject matter of the litigation a direct interest that would be finally concluded and put beyond the means of further prosecution by the determination below. The cases make it plain that if a would-be appellant has such a direct and final interest, his appeal will be entertained and the case decided for or against him, but if he has no such interest, his appeal will be dismissed. The procedure is somewhat anomalous because the appellate court must assume jurisdiction in order to decide whether it will or will not exercise it. In other words, it must decide whether the would-be appellant has the necessary direct and final

interest in the subject matter of the litigation to be, in effect, a party or an appellant with standing. See *Cameron v. Harvard College* (C.C.A. 1st), 157 F. 2d 993, 997; and the discussion in the annotation in 15 A. L. R. 2d 336, 342, 343. The Maryland cases which have dismissed appeals from orders denying intervention have stressed the fact that, generally, the matter is discretionary and not appealable unless discretion has been abused, as well as that usually the order leaves other remedies open, and therefore lacks the finality necessary to support an appeal. For example, in *Stirn v. Radio-Keith-Orpheum Corp.*, 163 Md. 398, this Court noted that the order denying intervention left the would-be intervenor free to bring an independent suit and that, therefore, "Because of its discretionary nature and its lack of finality, the order was, in a double aspect, not appealable." See *Conroy v. Agricultural Assoc.*, 165 Md. 494; *Nyburg v. Solmson*, 205 Md. 150; *Preston v. Poe*, 116 Md. 1; *In Re Buckler Trusts*, 144 Md. 424. In *Hall v. Jack*, 32 Md. 253, an appeal by one not a party and who had been denied intervention, was entertained on the ground that he had a direct interest in the case, and that the decree operated to conclude his rights in respect to that interest. The Court held that the appellant "* * * must be considered as a party * * * entitled to appeal" and said further that: "The motion to dismiss must therefore be overruled." See, too, *Riley v. First National Bank;* and *Bernstein, Cohen & Co. v. Stansbury*, both cited above. Cases which have recognized the principle underlying the decision in *Hall v. Jack, supra*, although on the facts there was a dismissal of the appeal from a final decree, include: *In Re Buckler Trusts, supra; Culbreth v. Kries*, 144 Md. 497; *Karr v. Shirk*, 142 Md. 118; *Rau v. Robertson*, 58 Md. 506, 508; *Wagner v. Freeny*, 123 Md. 24; and *Brashears v. Lindenbaum*, 189 Md. 619, 628.

It may be noted that it is not alleged, nor is there anything to show that Bereson was insolvent or that appellant's judgment against him cannot be satisfied by assets of Bereson, on which there are no prior liens. The rights

given the appellant by his judgment are not concluded or foreclosed by the decree upholding the mechanic's lien in a proceeding *in rem* against property in which he had no interest. It is not necessary, however, to decide whether the appellant had such a direct interest as would have entitled him to have been heard on appeal from the decree if he had taken that course, or whether he should have been allowed to intervene. We think it plain that the case was moot when it reached this Court for decision. *Montgomery County v. Met. Dist.*, 200 Md. 525, *supra*. In *Bowles v. Moller, Inc.*, 163 Md. 670, *supra*, receivers were appointed for a corporation and an order passed for the sale of its assets. The stockholders petitioned to be allowed to intervene in order to contest the sale. Their petition was denied. The stockholders appealed to this Court but filed no bond, and the sale was held. The Court said at page 684 of 163 Md.: "The only effect of a reversal of the order appealed from would be to hold that the appellant had a right to intervene in a case which had been concluded and disposed of before the record of appeal had reached this court. The proceedings taken by the appellees, after the passage of the order appealed from, were in no manner stayed or delayed in this case by the taking of the appeal." The situation in the case before us is essentially that of *Bowles v. Moller, Inc.*, and requires the dismissal of the appeal as moot.

*Appeal dismissed. Appellant to pay the costs.*