# CITIZENS COORDINATING COMMITTEE ON FRIEND-SHIP HEIGHTS, INC. ET AL. *v.* TKU ASSOCIATES ET AL.

[No. 85, September Term, 1975.]

*Decided February 4, 1976.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ., and ALBERT P. CLOSE, Associate Judge of the Third Judicial Circuit, specially assigned.

*Roger W. Titus* for appellants.

*Charles R. Donnenfeld,* with whom were *Arent, Fox, Kintner, Plotkin & Kahn, Arnold Johnson, Hogan & Hartson, Howard J. Thomas, Bradshaw, Thomas & Yeatman* and *Smith, Miro, Hirsch, Brody & Zweig* on the brief, for appellees.

LEVINE, J., delivered the opinion of the Court.

We granted a writ of certiorari in this case to decide whether appellants should have been permitted to intervene in a declaratory judgment action and whether an appeal from an order denying the requested intervention was properly dismissed. Appellants' motion for leave to intervene in the case of *TKU Associates v. Montgomery County et al.* was denied by the Circuit Court for Montgomery County (Mathias, J.). The appeal of that decision to the Court of Special Appeals was dismissed in an unreported order. We have concluded that the Court of Special Appeals improperly dismissed the appeal and that the circuit court erred in denying the requested intervention.

This case, we are told, is one of some 15 now pending in the circuit court which can trace its origin to the actions taken by the Montgomery County Council (the council) in the spring and summer of 1974. In May of that year, the council, acting on the recommendation of the Mary-

land-National Capital Park and Planning Commission (the commission), adopted the "Friendship Heights Sector Plan" for a portion of the Chevy Chase area bordering the District of Columbia. Shortly thereafter, the council implemented the plan by approving a number of sectional map amendments, one of which rezoned the eight-acre tract owned by appellee Woodward & Lothrop, Incorporated from the C-2 (general commercial) classification to the more restrictive CBD-1 (central business district) classification.

Some three years prior to the flurry of zoning activity, Woodward & Lothrop, the owner of a department store at the site for almost 20 years, had formulated an ambitious redevelopment plan for the property. The proposed project would have conformed with the existing C-2 zoning classification and the master plan then applicable in that area. Among the steps taken to further the redevelopment was the filing in 1972 of a building permit application and the recordation of a new record plat which allegedly embodied substantial dedications of land and other costly undertakings on the part of the landowner. The "downzoning" intervened, however, before Woodward & Lothrop could obtain its building permit.

Following adoption of the zoning map amendments in 1974, Woodward & Lothrop noted a statutory appeal to the circuit court pursuant to the Montgomery County Code. Joined by its developer and general contractor, it also filed this declaratory judgment action against Montgomery County, the county executive, the council and the commission. In their sole special prayer for relief herein, appellees seek a declaration that their "development rights under the existing 'C-2 — General Commercial' zoning . . . are not affected by any zoning change purportedly implemented" by the sectional map amendment. The essence of appellees' complaint is that after they had filed their building permit application and recorded the new record plat in accordance with the then-existing C-2 zoning classification, the defendants had wrongfully caused the Washington Suburban Sanitary Commission "to delay

action on [their] application for a sewer permit" until such time as their property "could be downzoned." [1]

While this case was pending in the circuit court, appellants, expressly relying upon Maryland Rule 208,[2] sought leave to intervene as defendants.[3] In their motion, they alleged that as aggrieved parties they previously had been granted leave to intervene in the numerous zoning appeals spawned by the Friendship Heights Sector Plan, including that brought by appellees, and that they would be equally aggrieved by any action of the court in this case which might have the effect of reversing or modifying the rezoning. To support their asserted right to intervene, they also alleged, with Rule 208 obviously in mind, that "representation of the interests of [appellants] by existing parties may be inadequate and [appellants] will be bound by any judgment in the instant action." Alternatively, they claimed that the administrative appeal had "questions of both law and fact in common with those of the instant

---

1. The alleged refusal of the Washington Suburban Sanitary Commission to approve the "sewer permit" is the subject of yet another law suit filed by appellees.

2. In relevant part, Rule 208 provides for intervention:

"a. *Of Right.*

"Upon timely application a person shall be permitted to intervene in an action: (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action . . . .

"b. *Permissive.*

"1. Person.

"Upon timely application a person may be permitted to intervene in an action when his claim or defense has a question of law or fact in common with the action."

\* \* \*

3. Prior to appellants' efforts at intervention, the original defendants had demurred to the declaration, primarily on the ground that since appellees had not yet prosecuted their statutory zoning appeal to a conclusion, they had failed to exhaust their administrative remedies. In overruling the demurrers, the circuit court held that the primary issue in the zoning appeal was "whether the County Council acted arbitrarily in downzoning [appellees'] property," but that "the basic issue [in this case] is whether the [council] and the [commission] fraudulently acted to forestall approval of [appellees'] project until the downzoning could be accomplished." We express no view on the correctness of that ruling since it is not before us.

action." Appellees vigorously resisted these claims in a memorandum and at oral argument. At the conclusion of the hearing, the court denied the application to intervene because it did not find "inadequacy of representation"; nor was it of the opinion that appellants would be "bound by a judgment in this action." The court also rejected the motion on "permissive" grounds because it could find no "question of law or fact that the prospective intervenors [might] have which is in common with a [question of] law or fact in this action," and because appellants had not filed a "timely application." Since the appeal from that decision was dismissed by the Court of Special Appeals, we turn first to the question of appealability.

## (1)

Although we have never flatly passed upon the appealability of an order denying intervention asserted as a matter of right, the Court of Special Appeals has recently done so in *Nat'l 4-H Club v. Thorpe*, 22 Md. App. 1, 9, 321 A. 2d 321 (1974). There, it held that the denial of intervention claimed as of right under Rule 208 a is an appealable order. In so holding, it followed a line of cases decided under Rule 24 of the Federal Rules of Civil Procedure, the relevant part of which, in its pre-1966 form, was identical to Rule 208 a. Where intervention is permissive, however, the order denying intervention is appealable only if the court has abused its discretion. 3B Moore's Federal Practice ¶ 24.15. Prior to the adoption of our rules of procedure, when there was no provision for intervention as a matter of right, we had applied the latter rule in Maryland. *See, e.g., Weinberg v. Fanning*, 208 Md. 567, 571, 119 A. 2d 383 (1956); *Stirn v. Radio-Keith Etc. Corp.*, 163 Md. 398, 400-01, 163 A. 696 (1933).

The federal appellate courts traditionally have followed a general rule of reversing an erroneous denial by the trial court of intervention of right or abuse of discretion in denying permissive intervention, but dismissing the appeal where the trial court had properly denied the application for intervention. *See generally* Moore's Federal Practice, *supra*;

C. Wright & A. Miller, Federal Practice and Procedure, Civil, § 1923 (1972). Later cases, however, have recognized the impracticability of resolving the threshold issue of appealability without first deciding the merits. *See, e.g., Levin v. Ruby Trading Corporation,* 333 F. 2d 592, 594 (2d Cir. 1964).

The recent trend, therefore, has been in the direction of recognizing the necessity of examining the propriety of the denial by the trial court. Under this view, the appellate court affirms where the denial of the intervention is deemed to be correct and reverses where it concludes that intervention of right was erroneously denied or the trial court abused its discretion in refusing to allow permissive intervention, in effect treating the denial as an appealable order. Moore's Federal Practice; Wright & Miller, Federal Practice and Procedure, both *supra.* In *Nat'l 4-H Club v. Thorpe, supra,* 22 Md. App. at 9, the Court of Special Appeals made explicit reference to this shift in the federal decisions and affirmed a denial of intervention after finding the appellant there to be without any right to intervene under Rule 208 a. We think that the procedure applied there and in the more recent federal cases is preferable and we shall follow it here. We simply hold that the denial of intervention claimed as of right under Rule 208 a is appealable.

Notwithstanding its application of the current federal procedure in *Nat'l 4-H Club,* here the Court of Special Appeals dismissed this appeal with the statement that "this appeal is not allowed by law" and the handwritten interlineation "See Rule 208 . . . sec. a." The process by which that court reached its decision is not discernible. Accordingly, since the denial of a motion to intervene as of right is an appealable order, the Court of Special Appeals erred in dismissing the appeal and its order shall be vacated. In the interest of judicial economy, we shall now consider the appeal of the denial, by the trial court, of appellants' motion to intervene.

(2)a

As we have indicated, the language of Rule 208 a,

prescribing when intervention shall be permitted as a matter of right, is identical to Federal Rule 24 as it stood prior to 1966. By that time, a division of authority had emerged in the reported federal decisions regarding the requirement that the applicant for intervention "is or may be bound by a judgment in the action." Most cases deciding the question interpreted the word "bound" narrowly in requiring a showing that the judgment would have a res judicata effect upon the intervenor.[4] A stubborn minority, however, clung to the view that a more utilitarian and realistic interpretation should be applied, permitting intervention whenever a judgment would put the applicant at a practical disadvantage in his own litigation or would substantially affect the would-be intervenor's ability to protect his interest.[5]

With an obvious view to the minority position, the 1966 amendment to Federal Rule 24 changed the intervention of right test to permit intervention "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." It is generally agreed that the primary purpose of the 1966 amendment was to relax the test for intervention of right by replacing the "res judicata rule" with the less onerous one requiring the applicant merely to show that he might be disadvantaged by the disposition of the action in which he had sought to intervene. *Nuesse v. Camp*, 385 F. 2d 694, 701 (D.C. Cir. 1967); *Atlantis Development Corporation v. United States*, 379 F. 2d 818, 822-25 (5th Cir. 1967); *see generally* Wright & Miller, *supra*, § 1908.

---

4. *See, e.g.*, Sam Fox Publishing Co. v. U. S., 366 U. S. 683, 694, 81 S. Ct. 1309, 6 L.Ed.2d 604 (1961); Sutphen Estates v. United States, 342 U. S. 19, 21, 72 S. Ct. 14, 96 L. Ed. 19 (1951); Degge v. City of Boulder, Colorado, 336 F. 2d 220, 222 (10th Cir. 1964); *cf.* Atlantic Refining Company v. Standard Oil Company, 304 F. 2d 387, 393 (D.C. Cir. 1962).

5. *See, e.g.*, Kozak v. Wells, 278 F. 2d 104, 110 (8th Cir. 1960); Ford Motor Company v. Bisanz Bros., Inc., 249 F. 2d 22, 28 (8th Cir. 1957); Textile Workers Union of America v. Allendale Co., 226 F. 2d 765, 767-68 (D.C. Cir. 1955); Clark v. Sandusky, 205 F. 2d 915, 918-19 (7th Cir. 1953).

The requirement which we have imposed upon the applicant for intervention under Rule 208 a is that he have an interest for the protection of which intervention is essential and which is not otherwise protected. *Shenk v. Md. Savings & Loan*, 235 Md. 326, 327, 201 A. 2d 498 (1964). This standard is wholly compatible with the current language of Federal Rule 24. The federal cases defining Rule 24, therefore, continue to serve as a guide to our interpretation of Rule 208 a. In sum, whether the applicant for intervention has an interest which it is essential to protect may be equated with the requirement of Rule 208 a that he "is or may be bound by a judgment in the action."

We think it plain that within the contemplation of Rule 208 a, appellants have made the required showing that they might be "bound by a judgment in this action" by reason of the statutory zoning appeal in which they were permitted to intervene as aggrieved parties pursuant to § 85-78A of the Montgomery County Code.[6] As unchallenged intervenors there, they seek to resist the appellees' efforts at overturning the council's decision to place the subject property in a more restrictive zoning category. Although the trial court did not explicitly state why it ruled that appellants "are [not] bound by a judgment in this action," it seems reasonably clear that it was troubled by the dissimilarity which it perceived between the issues in the zoning appeal and those presented here. It posited the issue in this case as "whether or not the Park and Planning Commission and County Council participated in a conspiracy to forestall approval of the plaintiff's project until downzoning could be accomplished."

Although it is unnecessary for us to speculate on appellees' reasons for maintaining this action, we think that stripped of its veneer, the instant case is nothing but an effort to nullify the zoning decision being attacked frontally in the companion proceedings. This much is apparent from

---

**6.** Chapter 892 of the Laws of 1975, effective July 1, 1975, transferred § 85-78A to a new provision in the Annotated Code of Maryland, Code (1957, 1970 Repl. Vol., 1975 Cum. Supp.) Art. 66D. Section 8-105(a) thereof superseded § 85-78A, but retained virtually the identical language.

the special prayer for relief, which simply seeks a declaration that appellees' property is not affected by the zoning change being challenged in the statutory appeal. If appellees were to prevail here, the practical effect would be a reversal of the council's zoning action as applied to their property, and appellants would have lost the very right granted them by statute to contest the final result. The disposition of this case, then, which deals with a transaction in which appellants claim an interest, may as a practical matter impair or impede their ability to protect that interest.

We hold, therefore, that appellants, as the applicants for intervention of right here, have made a sufficient showing that they might be bound by a judgment in this case within the meaning of Rule 208 a.

### (2)b

We turn, then, to the requirement of Rule 208 a that the applicants for intervention show that the representation of their interest by existing parties is or may be inadequate. The inadequacy of representation requirement for intervention of right under Rule 208 a has never been considered in a Maryland decision, but cases decided under Federal Rule 24 provide ample guidance. The common thread running through them is that a positive showing of the inadequacy of existing representation is not necessary; the rule requires only that the representation "may be inadequate," *Kozak v. Wells*, 278 F. 2d 104, 110 (8th Cir. 1960), *Ford Motor Company v. Bisanz Bros., Inc.*, 249 F. 2d 22, 27-28 (8th Cir. 1957). A "serious possibility" that the applicant's interest "may not be adequately represented" is sufficient to satisfy the rule. *Nuesse v. Camp, supra*, 385 F. 2d at 704. It has been said that the "most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties." Wright & Miller, *supra*, § 1909. Where the applicant's interest is similar to, but not identical with, that of an existing party, he ordinarily should be allowed to intervene "unless it is clear that the [existing] party will provide adequate representation for the absentee." *Id.*

Here, the interests of the existing parties and appellants are not the same. Although the county government is undoubtedly committed to sustaining its zoning decision, the fact remains that it is occupied with the planning and zoning of a substantial area of the county affecting many property owners. At the same time, appellants, as aggrieved parties in the zoning appeal, are necessarily concerned with a more limited geographical area. Consequently, their ultimate objectives do not necessarily coincide with those of the existing parties. Appellants are therefore understandably concerned that the public agencies who are the "existing parties" might fail to appeal an adverse ruling of the circuit court, choosing instead to concentrate their efforts elsewhere. To be sure, the interests represented are not shown to be adverse, but such a showing is not necessary to the conclusion that existing representation *may* be inadequate. *Nuesse v. Camp, supra,* 385 F. 2d at 703. The burden of showing that existing representation may be inadequate is a minimal one. *See Trbovich v. Mine Workers,* 404 U. S. 528, 538 n. 10, 92 S. Ct. 630, 30 L.Ed.2d 686 (1972).

We hold that appellants have met the requirements of Rule 208 a, since we believe there is a serious possibility that the existing representation may be inadequate, and since appellants may be bound by a judgment in this action. They are therefore entitled to intervene as a matter of right. It is unnecessary for us to reach the question of permissive intervention.

*Order dismissing appeal vacated; remanded to Court of Special Appeals with instructions to reverse the order denying intervention and to remand for further proceedings; appellees to pay costs.*