# MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION ET AL. *v.* WASHINGTON NATIONAL ARENA

[No. 683, September Term, 1975.]

*Decided March 30, 1976.*

The cause was argued before ORTH, C. J., and GILBERT and MELVIN, JJ.

*David S. Bliden, Associate County Attorney* and *Ellis J. Koch, Deputy County Attorney,* with whom was *James C. Chapin, County Attorney* on the brief for appellant, Prince George's County, Maryland. Submitted on brief by *Sanford E. Woll* for appellant Maryland-National Capital Park and Planning Commission. Submitted on brief by *Francis B. Burch, Attorney General* and *Ward B. Coe, III, Assistant Attorney General* for appellant State of Maryland.

*Robert A. Manzi,* with whom were *Peter F. O'Malley* and *Shipley, O'Malley & Miles* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Maryland-National Capital Park and Planning Commission (MNCPPC), Prince George's County, Maryland, (County) and the State of Maryland (State) have appealed from an order denying them a declaratory judgment entered in the Circuit Court for Prince George's County. The circuit court denied the MNCPPC petition for an injunction and, thereby, permitted the Washington National Arena (WNA), a limited partnership, to pursue a tax assessment appeal.

MNCPPC and the County seek a reversal of the order. The State of Maryland, invokes a two-pronged attack. First, the State asserts that it was error for the trial court to deny the State the right to intervene in the proceeding and, second, that the trial court was incorrect in its decision on the merits. The State suggested on oral argument that we decide both issues in their favor. Such an arrangement would place the State in the position of having the merits of the appeal adjudicated without the necessity of ever having had their case heard on the merits in the trial court. Were we to follow the State's suggestion, we would, in effect, have to close our eyes to Md. Rule 1085.

That the State has a right to appeal from a *denial* of a motion to intervene is no longer open to doubt. *Citizens Coordinating Comm. on Friendship Heights, Inc. v. TKU Associates*, 276 Md. 705, A. 2d (1976); *See also Nat'l 4-H Club Found. of America v. Thorpe*, 22 Md. App. 1, 9, 321 A. 2d 321, 326 (1974); [1] Md. Rule 208. If the State was a necessary party to the declaratory judgment action between MNCPPC and WNA, but was wrongfully denied intervention in the case, the decision on the merits of the matter before us is rendered nugatory, and we shall be required to reverse and remand for further proceedings.

The threshold question then is, was the State erroneously denied the right to intervene in the declaratory judgment action?

In the case *sub judice*, the "Petition for Declaratory Judgment and Injunction" was brought by MNCPPC to secure a ruling on a contractual obligation of WNA arising from a lease. The answer of WNA manifests that, in the view of the respondent, a clause of the lease, which is the actual "bone of contention," is violative of WNA's ". . . constitutional rights of equal protection and due process of law."

The lease clause sought to be enforced by MNCPPC, and vigorously opposed by WNA, provides:

> "Lessee [WNA by assignment] further agrees that it will not contest or challenge any determination by the State Assessor that the real estate improvements are subject to real estate taxes."

When the State Assessor made his determination, WNA appealed to the Property Tax Assessment Appeal Board for Prince George's County. MNCPPC alleged in its petition for declaratory judgment that WNA's appeal to the Appeal Board constituted a breach of the above quoted clause of the lease.

Because the government of Prince George's County believed, among other reasons, that it had ". . . a pecuniary

---

1. *Nat'l 4-H Club* suggests that the granting of a motion to intervene is not immediately appealable.

interest in the . . . matter and an adverse decision . . . would cause substantial loss of tax revenue to . . . [the] County," it petitioned to intervene. The State of Maryland also petitioned to intervene alleging "That the State of Maryland has a substantial interest in the subject matter of this suit by virtue of the effect the Court's decision may have on the State's right to certain real estate taxes." Both petitions were heard immediately prior to the argument of the case on its merits. The County's petition to intervene was granted. The State's petition was denied.

Md. Ann. Code, Courts and Judicial Proceedings Article § 3-405 (a) (1) mandates that, "If declaratory relief is sought, a person who has or claims any interest which would be affected by the declaration, shall be made a party."

The Court of Appeals, in *Williams v. Moore,* 215 Md. 181, 137 A. 2d 193 (1957), said the above quoted portion of what is now Courts Art. § 3-405 (a) (1) [2] had been interpreted many times, and that, "It may be stated as a general rule that ordinarily, in an action for a declaratory judgment, all persons interested in the declaration are necessary parties." 215 Md. at 185.

Inasmuch as real estate taxes, payable not only to a political subdivision, but also to the State were involved in the instant litigation, it goes without saying that the State had a financial interest in the case.

Md. Rule 208, governs intervention. It provides in pertinent part:

"a. *Of Right.*

Upon timely application a person shall be permitted to intervene in an action: (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action . . . ."

---

**2.** At the time Williams v. Moore was decided, the same statutory language appeared as Md. Ann. Code art. 31A, § 11.

Judge Levine, writing for the Court of Appeals in *Citizens Coordinating Comm. on Friendship Heights, Inc. v. TKU Associates, supra,* discussed Rule 208 and the applicable law with respect to the right to intervene in an action pending in a trial court. The *Citizens* opinion was grounded on federal appellate decisions, largely because there is a dearth of Maryland case law on the subject.[3] *Citizens* quotes from C. Wright and A. Miller, *Federal Practice and Procedure,* Civil § 1909 (1972), that the " '. . . most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties.' " 276 Md. at 713. Judge Levine, in *Citizens,* went on to state, "Where the applicant's interest is similar to, but not identical with, that of an existing party, he ordinarily should be allowed to intervene 'unless it is clear that the [existing] party will provide adequate representation for the absentee.' [Wright & Miller § 1909]." 276 Md. at 713. The Court said that, "[t]he burden of showing that existing representation may be inadequate is a minimal one." 276 Md. at 714. The question then arises as to whether the State met the burden of showing that the representation by the MNCPPC and the County was inadequate as to the State.

On the face of the Attorney General's petition, brought on behalf of the State, it is plain that the State's interest in the real estate taxes would be affected by any decision of the trial court. Hence, u..less the representation of the State's interest by the County or MNCPPC was adequate, the State should have been allowed to intervene. Why the judge declined to allow the State to intervene is not revealed by the record. We are presented with the bare result, but not the reason for the result.

Based upon the County's interest in real estate taxes, *inter alia,*[4] it might be argued that the County's presence in the case adequately protected the State's interest so that there was no necessity for the State's intervention, but no such argument has been made.

---

**3.** *But see* Nat'l 4-H Club Found. of America v. Thorpe, *supra.*

**4.** The County also alleged "[t]hat the validity of an executive agreement and/or ordinance . . . [might] be affected by this action" and that the "rights and assets of . . . [the] . . . County" might be affected.

It is not necessary that there be a positive showing of inadequacy of representation in order to intervene. It is sufficient that the representation "may be inadequate." *Citizens Coordinating Comm. on Friendship Heights, Inc. v. TKU Associates, supra; Kozak v. Wells,* 278 F. 2d 104, 110 (8th Cir. 1960); *Ford Motor Co. v. Bisanz Bros.,* 249 F. 2d 22, 27-28 (8th Cir. 1957). Moreover, a "serious possibility" that the applicant's interest may not be protected adequately satifies the rule. *Citizens Coordinating Comm. on Friendship Heights, Inc. v. TKU Associates, supra; Nuesse v. Camp,* 385 F. 2d 694, 704 (D.C. Cir. 1967).

Paraphrasing Judge Levine in *Citizens,* the interest of the existing parties is similar but- not identical. The County government represents the people who reside within the territorial confines of Prince George's County. It is primarily interested in their welfare. The Attorney General, on the other hand, represents the people of the entire State, not just one political subdivision. The interest of two governments, State and County, may be the same but not necessarily so. The State is interested in the welfare of all its citizens not just those of Prince George's County. Inasmuch as the interest of the County may not be the same as that of the rest of the State, we cannot say that the interests are identical and that the County adequately represented the State's interests.

MNCPPC's interest is likewise not identical with that of the State. MNCPPC is a hybrid administrative agency whose jurisdiction encompasses parts of two counties. Md. Ann. Code art. 66D. It is not a State agency although it may act as the representative of the State for the limited purposes set out in Md. Ann. Code art. 66D, § 4-101, not here applicable. The Commission is a bi-county agency charged with the duty of carrying out general plans for the physical development of the metropolitan district. While its interests are not necessarily in conflict with the State's, the interests are confined to the authority granted by the statute under which the Commission was created.

Moreover, it is possible that the State may believe and argue to the trial court that the agreement entered into by

MNCPPC and approved by the County was *ultra vires* so that the State's position would be contrary to both the County's and MNCPPC's.

As we have indicated, whatever reasons led the trial judge to deny the State's right to intervene are not disclosed in the record. We have before us only the judge's conclusion, spoken at the hearing, with respect to the Attorney General's motion: "It is denied . . . . We will make it more formal. The motion of the Attorney General to intervene is denied."

We think the State should have been allowed to intervene as a matter of right. Because it was not, we are compelled, by *Citizens* and *Williams*, to reverse.

> *Order denying the motion of the State of Maryland to intervene is reversed.*
>
> *Order reversed.*
>
> *Case remanded for a new hearing.*
>
> *Costs to be paid by appellee.*