ELIZABETH STEUART MOORE ET VIR v.
CHRYSLER CORPORATION ET AL.

[No. 637, September Term, 1980.]

*Decided January 9, 1981.*

The cause was argued before MORTON, MOYLAN and COUCH, JJ.

*Thomas A. Schmutz,* with whom were *Morgan, Lewis & Brockius, Thomas F. Hogan* and *Kenary, Tietz & Hogan* on the brief, for appellants.

*Peter F. Axelrad,* with whom were *Frank, Bernstein, Conaway & Goldman* on the brief, for appellees.

Couch, J., delivered the opinion of the Court.

The question involved in this appeal is whether appellants should have been allowed to intervene in an existing law suit in the Circuit Court for Montgomery County. The trial judge had denied their motion to intervene on the ground that appellants' interests were being adequately represented at that time.

The background facts may be briefly set forth. Chrysler Corporation filed a law suit against one of its dealers, L. P. Steuart Silver Spring, Inc. (L. P. Steuart), Imperial Investment Company (Imperial), alleged sole owner of L. P. Steuart, Harry Martens, Jr., president and chief executive officer of Imperial, and his son, John C. Martens, former general manager of L. P. Steuart. Chrysler's suit is in three counts, breach of contract, unjust enrichment, and fraud, and stems from an alleged fraudulent warranty invoice practice instituted by L. P. Steuart and the individual defendants. Harry Martens, Jr. controls 66.37 per cent of Imperial's stock. The petitioners and appellants, minority stockholders of Imperial, sought to intervene, claiming they had an interest which was not being protected because all defendants were represented by the same attorney and that attorney had not filed a crossclaim on behalf of Imperial against the Martenses nor pleaded that the acts of the Martenses were *ultra vires.*

By the time the motion to intervene was heard, counsel for the defendants had filed pleas on behalf of L. P. Steuart and John C. Martens and had filed demurrers on behalf of Harry Martens, Jr. and Imperial. He had also filed requests for production of documents.

In this appeal, appellees contend that the trial court was correct in denying appellants' petition to intervene because (1) appellants have no interest which would support their right to intervene, (2) they are not bound by any judgment in the case, and (3) in any case, their interests are being protected. As noted above, the trial judge denied the relief sought by petitioners, basing his decision on the conclusion that

"There is no evidence in the record to indicate at

this stage of the proceedings the petitioners interests are 'not otherwise protected'."

Appellants also prayed, for an alternative relief, that the court require separate representation for the corporate defendants. The trial judge also denied this relief on the basis that no Maryland authority for this request had been cited and because any conflict of interest appeared speculative at that time. He did express expectation that present counsel (for the defendants) would take "appropriate measures" when and if an actual conflict did arise.

Preliminarily, we must consider appellees' motion to dismiss the appeal for certain violations of Rule 1028. We have reviewed the matter and shall deny the motion as we do not find the violations so serious as to warrant dismissal.

## The Law

Maryland Rule 208, which is actually declaratory of Maryland common law, see, in general, Miller, *Equity Procedure,* §§ 77-81, now provides in pertinent part:

"Rule 208. Intervention . . . . . . . . . . . Gen'l.

a. *Of Right.*

Upon timely application a person shall be permitted to intervene in an action: (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (b) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof.

b. *Permissive:*

1. Person.

Upon timely application a person may be permitted to intervene in an action when his claim

or defense has a question of law or fact in common with the action.

2. Federal Government, State or Political Subdivision.

Upon timely application the federal government, the State, a political subdivision of the State, or any officer or agency of any of them may be permitted to intervene in an action when the validity of a constitutional provision, charter provision, statute, ordinance, regulation, executive order, requirement or agreement is drawn in question in the action or when a party to an action relies for ground of claim or defense on such constitutional provision, charter provision, statute, ordinance, regulation, executive order, requirement or agreement. This subsection shall not limit the rights provided by § 3-405 of the Courts Article."

The Court of Appeals, in *Citizens Coordinating Comm. v. TKU*, 276 Md. 705, 712, 713, 351 A.2d 133 (1976), had occasion to discuss the Rule and stated, in part:

"The requirement which we have imposed upon the applicant for intervention under Rule 208 a is that he have an interest for the protection of which intervention is essential and which is not otherwise protected. *Shenk v. Md. Savings & Loan,* 235 Md. 326, 327, 201 A.2d 498 (1964). This standard is wholly compatible with the current language of Federal Rule 24. The federal cases defining Rule 24, therefore, continue to serve as a guide to our interpretation of Rule 208 a. In sum, whether the applicant for intervention has an interest which it is essential to protect may be equated with the requirement of Rule 208 a that he 'is or may be bound by a judgment in the action.'

\* \* \*

"We turn, then, to the requirement of Rule 208 a that the applicants for intervention show that the

representation of their interest by existing parties is or may be inadequate. The inadequacy of representation requirement for intervention of right under Rule 208 a has never been considered in a Maryland decision, but cases decided under Federal Rule 24 provide ample guidance. The common thread running through them is that a positive showing of the inadequacy of existing representation is not necessary; the rule requires only that the representation 'may be inadequate,' *Kozak v. Wells,* 278 F.2d 104, 110 (8th Cir. 1960), *Ford Motor Company v. Bisanz Bros., Inc.,* 249 F.2d 22, 27-28 (8th Cir. 1957). A 'serious possibility' that the applicant's interest 'may not be adequately represented' is sufficient to satisfy the rule. *Nuesse v. Camp, supra,* 385 F.2d [694 (D.C. Cir. 1967), at 704. It has been said that the 'most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties.' Wright & Miller, *supra,* § 1909. Where the applicant's interest is similar to, but not identical with, that of an existing party, he ordinarily should be allowed to intervene 'unless it is clear that the [existing] party will provide adequate representation for the absentee.' *Id.*"

*See also Maryland-National Capital Park and Planning Commission, et al. v. Washington National Arena,* 30 Md. App. 712, 354 A.2d 459 (1976).

## The Instant Case

While the trial judge did not explicitly address the threshold question of whether appellants had an interest which needed to be protected, his memorandum opinion makes it clear that he considered them to have such an interest. Appellees urge us to conclude there were no such interests. We disagree with appellees' position. The precise question does not appear to have been decided in Maryland.

Looking elsewhere, however, provides ample guidance. In Fletcher, *Cyclopedia of Corporations,* Ch. 58, Sec. 5853, the author states in part:

"When an action at law or suit in equity is brought against a corporation, it is for the corporation to defend, and the defense and management of the suit, like other matters relating to the affairs of the corporation, is within the discretion of the directors, and ordinarily stockholders cannot interfere except by electing a new board of directors. Except as hereafter stated, the stockholders cannot appear and answer or defend, either for the corporation or on their own behalf, even though the stockholder owns all the stock of the corporation. The foregoing rule does not apply, however, when suit is brought against a corporation by one who holds a majority of the stock, or otherwise controls the directors, and the suit is conducted fraudulently in his own interest, and against the interest of the corporation and the minority stockholders, *or in any other case in which a corporation or its directors abuse their discretion in refusing to defend, or fail to prosecute the defense in good faith; in such a proceeding a stockholder may intervene.* This is distinct from an intervention founded on his individual rights. Stated in another way, refusal to defend, where it partakes more of disregard of duty than of an error of judgment, or is a breach of trust although not involving intentional moral delinquency, warrants relief to complaining stockholders. Intervention by a stockholder ordinarily will be granted only with hesitancy and caution." [Emphasis added.]

*See also Clayton v. Mimms & Co.,* 68 Ill. App. 3d 443, 386 N.E.2d 452 (1979), wherein the Court stated:

"Under general principles of corporate law, stockholders may defend or intervene in an action when the corporation has a meritorious defense to

a claim and through the fraudulent acts of its directors, either fails or refuses to assert it."

See also Miller, *Equity Procedure,* § 79:

"Intervention; stockholders. — As a general rule it is said that in suits brought by or against a corporation, stockholders may be allowed to intervene if there is any danger of their being injured by fraud, neglect or collusion on the part of the officers; but the decided cases seem to include instances of intervention where the interest of the stockholder is the only reason assigned.[1]

1. Story, Eq. Pl. sec. 208; Beach, Eq. Pr. sec. 574; Stretch v. Stretch, 2 Tenn. Ch. 140, 142; Foster, Fed. Pr. sec. 201."

Obviously, appellants have a financial interest in the outcome of this case, *i.e.,* the value of their stock, for if there is a judgment against either Imperial or L. P. Steuart their stock value will be affected. We believe the appellants have successfully crossed the threshold question.

The second prong needed to be met in order to give appellants the absolute right to intervene under Rule 208 a. is to satisfy the court that their interests are or may be inadequately protected. The trial judge concluded that their interests, *at that time,* were being protected. Appellants strenuously object to this conclusion. They contend that the fraud count can be adequately defended only if the corporations plead *ultra vires* acts on the part of Harry Martens, Jr. and file crossclaims against both Martenses for indemnification. These defenses have not been invoked because, the appellants contend, the corporate and individual defendants have the same counsel. Regardless of the reason for counsel not raising the proper defenses, that omission has left the appellants' interests presently unprotected. Thus the appellants should be allowed to intervene, and the trial judge erred in denying their motion.

Alternatively, the appellants request that at least the trial judge require separate representation for the corporate defendants from the individual defendants. This the trial

judge has declined to do, on the basis that he felt any conflict of interest appeared speculative "at this stage" of the proceedings. Whether the trial judge was correct on this issue is not properly before us. The Court of Appeals, in *Peat & Co. v. Los Angeles Rams Football Co.,* 284 Md. 86, 394 A.2d 801 (1978), held that a trial court's order refusing to require withdrawal of a party's counsel, or disqualification of counsel, is not a final order and not, therefore, immediately appealable. Accordingly, this issue is not before us. In any event, in view of the fact that we have granted appellants relief by agreeing that they should be allowed to intervene, we need not decide this alternative issue.

> *Order reversed.*
> *Case remanded for further proceedings consistent with this opinion.*
> *Costs to be paid by appellees.*